| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>51717<br>Morton & Craig LLC<br>John R. Morton, Jr., Esq.<br>110 Marter Avenue<br>Suite 301<br>Moorestown, NJ 08057<br>856-866-0100<br>Attorney for Ally Financial | Order Filed on October 23, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>EMANUEL H. NETO<br>CATHERINE V. PADINHA-NETO | Case No.: 19-11380<br><br>Adv. No.:<br><br>Hearing Date: 10-1-20<br><br>Judge:  VFP |

## ORDER FOR MONTHLY PAYMENTS AND STAY RELIEF UNDER CERTAIN CIRCUMSTANCES

The relief set forth on the following pages, numbered two (2) is hereby **ORDERED**.

**DATED: October 23, 2020**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

**Emanuel and Catherine Neto**
**19-11380(VFP)**
**Order Providing for Monthly Payments for Stay Relief under Certain Circumstances**
**Page 2**

This matter having been brought on before this Court on motion for stay relief and co-debtor stay relief filed by John R. Morton, Jr., Esq., attorney for Ally Financial, with the appearance of James Fitzpatrick, Esq. on behalf of the debtor, and this order having been filed with the Court and served upon the debtor and his attorney and the non-filing co-debtor, Catherine Padinha-Neto under the seven day rule with no objections having been received as to the form or entry of the order, and for good cause shown;

IT IS ORDERED:

1. That Ally Financial is the holder of a first purchase money security interest encumbering a 2014 Mitsubishi Lancer bearing vehicle identification number JA32WEFV6EU016212 (hereinafter the "vehicle").

2. **Curing Arrears:** Through and including the 9-1-20 payment, the debtor was $11,427.35 in arrears to Ally post-petition. The debtor shall cure those arrears through the plan and shall file a modified plan to do so within 15 days from the entry of this order. If the debtor fails to file the modified plan within that time period, Ally shall receive stay relief and co-debtor stay relief as to the non-filing co-debtor, Catherine Padinha-Nato to repossess and sell the vehicle by filing a certification of such failure with the Court and serving it upon the debtor, his attorney, and the non-filing co-debtor.

3. Commencing with the 10-1-20 monthly payment, the debtor shall make all retail installment contract payments to Ally Financial when due, being the 1st day of each month. In the event the debtor fails to make any payment for a period of 30 days after it falls due, Ally Financial shall receive stay relief and co-debtor stay relief to repossess and sell the vehicle by filing a certification of nonpayment and serving it upon the debtor, his attorney and the non-filing co-debtor, Cahterine Padinha-Neto.

4. Commencing with the 10-1-20 trustee payment, the debtor shall make all trustee payments within the month they fall due. If the debtor fails to make any trustee payment within the month it falls due, Ally Financial shall receive stay relief and co-debtor stay relief to repossess and sell the vehicle by filing a certification of nonpayment and serving it upon the debtor, his attorney and the non-filing co-debtor, Cahterine Padinha-Neto.

5. The debtor shall maintain insurance on the vehicle in accordance with the terms of the retail installment contract. In the event of a lapse of insurance for any period of time without intervening coverage, Ally Financial shall receive stay relief and co-debtor stay relief to repossess and sell the vehicle by filing a certification that insurance has lapsed with the court and serving it upon the debtor, his attorney and the non-filing co-debtor.

6. The debtor shall pay to Ally Financial through the plan, a counsel fee of $531 which shall be paid by the trustee as an administrative priority expense.