Fitzgerald & Associates, P.C.
    Attn: Nicholas Fitzgerald Esq./NF 6129
649 Newark Avenue
Jersey City, NJ 07306-2303
Email: nickfitz.law@gmail.com
(201) 533-1100
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY --- NEWARK
------------------------------------X
In re:                                   Case No: 19-11380-VFP
    Emanuel H. Neto
        &                            Hearing Date: 12/5/24 @ 10:00 a.m.
    Catherine Padinha-Neto
                                        CHAPTER 13
                                      **Hon. Vincent F. Papalia**
                                        U.S.B.J.

        Debtors

------------------------------------X

**ATTORNEY'S RESPONSE TO TRUSTEE'S OBJECTION TO THE DEBTOR'S MOTION
TO REOPEN THE DEBTORS' CHAPTER 13 CASE**

    I, Nicholas Fitzgerald, the above named debtors' counsel, hereby responds to the trustee's objection to the debtors' motion to re-open the debtors' Chapter 13 case.

    The trustee asserts that the debtors' motion is procedurally insufficient becuase "...not only does the case need to be re-opened, but the 7/22/24 Dismissal Order would need to be vacated."

    The debtors' counsel **agrees** with the trustee that the debtors' motion is procedurally insufficient but not for the reason stated by the trustee. The debtors' case must **first** be re-opened and only then can the debtors' counsel file motions to resolve the issues raised by the debtors' counsel and by the trustee.

    Accordingly, annexed as an exhibit is a proposed order permitting the re-opening of the case with further relief, if any, to be considered upon the filing of a motion or motions subsequent to the re-opening of the debtors' bankruptcy case.

    In regards to the other aspects of the trustee's objection to the debtors' motion, those issues can be dealt with after the case is re-opened. Specifically, motions are to be made after

the case is re-opened addressing the following concerns raised by the trustee:

    \*\*\* The debtors' counsel will move to vacate the dismissal of the debtors' Chapter 13 case.

    \*\*\* Assuming the order dismissing the debtors' case is vacated, the debtors' counsel intends to file a separate motion to enable the debtors to receive a discharge from their debts and in that regard, the debtors are expected to provide proof that the mortgagee has actually received the ERMA funds.

    \*\*\* Again, assuming the order dismissing the debtors' case is vacated, the debtors' counsel intends to file a separate motion to enable the debtors to receive a discharge from their debts and in that regard, the debtors are expected to provide proof that the ERMA funds actually cured all post-petition mortgage arrears.

    \*\*\* The trustee correctly points out that the ERMA loan in question was applied for while the bankruptcy case was still open. Accordingly, it is the debtors' counsel's intention to make a nunc pro tunc motion for retroactive authorization for the ERMA loan application which, of course, is based upon the assumption that the order dismissing the debtors' case is vacated.

Dated: November 27, 2024

                                                                                     _____
                                                                                     Nicholas Fitzgerald
                                                                                     Debtor's Counsel

**Exhibit: Copy of Proposed Order Re-Opening Case**

**Page 1**
United States Bankruptcy Court
District of New Jersey -- Newark
------------------------------------
**Caption in Compliance with D. N.J. LBR 9004-1**
Nicholas Fitzgerald Esq./NF 6129
Fitzgerald & Associates, P.C.
649 Newark Avenue
Jersey City, NJ 07306-2303
Email: nickfitz.law@gmail.com
(201) 533-1100
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY --- NEWARK
-----------------------------------X
In Re:                                  Case No: 19-11380-VFP
    Emanuel H. Neto


&

Catherine Padinha-Neto
                                   CHAPTER 13
                              **Hon. Vincent F. Papalia**
                               U.S.B.J.

    Debtors
-----------------------------------X

    **ORDER RE-OPENING THE DEBTORS' CHAPTER 13 CASE**

    The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED.**

Page 2

Debtors: Emanuel H. Neto and Catherine Padinha-Neto
Case No. 19-11380-VFP
Caption: ORDER RE-OPENING THE DEBTORS' CHAPTER 13 CASE

-----------------------------------------------------

THIS MATTER having been opened to the Court by Nicholas Fitzgerald, the debtors' counsel, upon the debtors' Motion for the re-opening of the debtors' Chapter 13 case; and good and sufficient cause appearing therefrom for the entry of this Order;

It is

**ORDERED,** that the debtors' Chapter 13 case is hereby re-opened; and it is further

**ORDERED,** that the debtors' counsel has 14 days from the date of the entry of the within order to file a motion or motions in relation to vacating the order dismissing the debtors' Chapter 13 case and for a request for other relief such as for nunc pro tunc approval of the debtors' application for an ERMA loan and for the issuance of an order of discharge; and it is further

**ORDERED,** that if the debtors' counsel fails to file a further motion or motions within 14 days from the date of the entry of the within order, the case shall be re-closed.